INHABITANTS OF FREEPORT *versus* INHABITANTS OF POWNAL.

The act incorporating the town of Pownal provided, " that the poor of said town of Freeport, with which it is now chargeable, together with such poor as have removed out of their town prior to this act of incorporation, but who may hereafter be lawfully returned to said town of Freeport for support, the expense thereof shall be divided between the two towns in proportion as they pay in the State valuation." *It was held*, that these provisions did not extend to such persons as were born after such incorporation and derived their settlement from those who had acquired one by residence in the part of Freeport which become Pownal and who had removed from Freeport before the incorporation of Pownal.

THE nature of the action and the main facts in the case appear in the opinion of the Court. The case came before the Court upon an agreed statement of facts.

*Mitchell*, for the plaintiffs, contended that the act incorporating the town of Pownal, March 3, 1808, made provision for the support of the paupers between that town and Freeport. All who had gained a settlement at that time in that part of Freeport, which became Pownal, and their descendants who

had acquired no settlement in their own right, were to have their settlement, and be supported in Pownal, if they became paupers. This must have been the intention of the legislature ; and the intention of the law, is the governing principle in the construction of statutes. The object was, that Pownal should bear the burden of supporting those persons, who should become afterwards chargeable as paupers, whose settlement was acquired by living on the territory now Pownal, without regard to whether the settlement was gained by the pauper in his own right, or derivatively from an ancestor. It could not have been designed, that the provision should apply only to persons then in existence, and having a settlement in Freeport before the division.

. *Deblois*, for the defendants, contended, that as the paupers were all born after the incorporation of the town of Pownal, that their settlement was not affected by either of the special provisions of the incorporating act. They were not chargeable at that time, for they were not then alive ; nor had they removed out of the town of Freeport prior to the incorporation of Pownal ; nor had they afterwards returned to Freeport for support. The act does not extend to the descendants of those who had removed from Freeport, and derived their settlement from ancestors who had acquired one there. The duty of a town to support paupers, depends entirely on positive statute enactments ; and none is found requiring Pownal to support these paupers. Their grandfather, from whom their settlement is derived, had his settlement in Freeport ; and on that town falls the burden of their support. He cited *Danvers* v. *Boston*, 10 Pick. 512 ; *Fayette* v. *Hebron*, 21 Maine R. 266 ; *East Sudbury* v. *Sudbury*, 12 Pick. 5 ; *Shrewsbury* v. *Boylston*, 1 Pick. 105 ; *Princeton* v. *West Boylston*, 15 Mass. R. 257 ; *Southbridge* v. *Charlton*, 15 Mass. R. 249 ; *Norton* v. *Mansfield*, 16 Mass. R. 48.

The opinion of the Court was drawn up by

TENNEY J. — This is an action for the recovery of certain proportions of the expenses incurred by the plaintiffs for the

relief of Lydia Day and her two sons, James and Arthur, together with money paid to other towns, which had furnished supplies to the same persons, and the expenses of a suit instituted by the plaintiffs against the town of Sidney for the purpose of fixing the settlement of said paupers in the town of Sidney.

Benjamin Day, the father of said Lydia Day, resided in the town of Freeport in 1799, and had his legal settlement there ; and although he removed the same year, and never resided in that town afterwards, there is no evidence, that he ever acquired any other settlement. He was born on the territory, which remained a part of Freeport after the incorporation of Pownal in 1808. The paupers never gained any settlement, excepting that derived from said Benjamin Day. It follows from these facts, that by the statute of 1794, c. 34, § 2, art. 10, Lydia Day derived a settlement from her father, in what remained Freeport after the incorporation of Pownal, and that her two children, who were born subsequent to 1808, derived a settlement from her in the same town, which they have since retained. This is not denied by the plaintiffs, but they insist that this action is maintainable by virtue of the 3d section of the act incorporating the town of Pownal, which is in the words following : — " That the poor of said town of Freeport, with which it is now chargeable, together with such poor as have removed out of their town prior to this act of incorporation, but who may hereafter be lawfully returned to said town of Freeport for support, the expense thereof shall be divided between the two towns in proportion as they pay in the State valuation." Those who were " poor" at the time of the act of incorporation were chargeable to the whole town of Freeport, as it had been ; up to that period they belonged to one part equally with the other, and the previous expenses for their support had been borne by the inhabitants according to the respective valuation of each individual taxed. It was reasonable that the expenses incurred for the support of those who had a settlement in Freeport at the time of the division, and who should be chargeable thereafter as paupers, should be

borne, after the act, by both towns according to the ability of each. And the section refers to two classes of persons ; one class were those, who were actually chargeable at the time of the passage of the act ; and the other class included all those, who had their settlement in Freeport at that time and had removed into other places, but who might be lawfully returned to said town of Freeport for support. The language will not admit of a construction, which will embrace the descendants of the persons referred to in the latter clause ; the provision would become inoperative after the decease of those persons having their settlement in Freeport, who had removed before the division took place.

By the facts agreed, the paupers, named in this suit, and for the expenses incurred in the support of whom it is brought, were not in being at the time that Pownal was incorporated.

*The plaintiffs, according to the agreement,*

*must become nonsuit.*